UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK RYAN,  )
　)
　　　　Plaintiff,  )　　　Civil Action No._____
　)
v.  )
　)
1720 HOUSE BED & BREAKFAST,  )
　)
　　　　Defendant.  )
　)

## COMPLAINT

Patrick Ryan ("Plaintiff") brings this action against a place of public lodging accommodation, the 1720 House Bed & Breakfast ("Defendant"), for violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

## PARTIES

1. Plaintiff resides in West Haven, Connecticut.

2. Defendant is a place of public lodging accommodation located in Vineyard Haven, Massachusetts where Plaintiff attempted to lodge.

## JURISDICTION & VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331 and Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (the "ADA").

1

4. Venue is proper under 28 U.S.C. 1391 because the acts complained of occurred in Vineyard Haven, Massachusetts within the jurisdictional boundaries of this Court.

**FACTS**

5. Plaintiff is an individual with a physical or mental "disability" under the ADA.

6. Plaintiff has the medical diagnosis of Post-traumatic Stress Disorder (PTSD), Bilateral Knee Patellofemoral Pain Syndrome, and Lumbosacral Strain from the Department of Veterans Affairs with a ninety (90) percent service-connected disability rating.

7. In 2016, Plaintiff had "Sgt. Floyd," a service animal (dog), trained to assist Plaintiff with his medically diagnosed physical and mental disabilities. As part of this training, Sgt. Floyd was required to perform a Public Access Test (PAT) which covered various skills in several public locations to include public transportation, grocery stores, shopping malls, and busy streets with vehicles and pedestrians.

8. Both Plaintiff and Sgt. Floyd successfully completed the PAT with an experienced K9 Handler and Service Animal Trainer through the EOD Warrior Foundation.

9. Sgt. Floyd serves many of Plaintiff's needs on a daily basis, specifically with mobility up and down inclines, declines, and stairs. He also reduces Plaintiff's fears and anxieties associated with his combat induced PTSD.

10. Sgt. Floyd has accompanied Plaintiff in many other areas open to the public, such as flights with Southwest Airlines, and has spent over forty (40) nights in various hotels without incident.

11. On or about November 6, 2018, Plaintiff researched various hotels and inns available on Martha's Vineyard for vacation. The information about Defendant, specifically the "House Rules," as listed on booking.com, and the "Policies" section of Defendant's website stated nothing about disallowing service animals.

12. After relying on the absence of any restrictions on service animals, Plaintiff booked a single night with Defendant scheduled for November 17, 2018.

13. On or about the morning of November 17, 2018, Plaintiff contacted Defendant via telephone to inform Defendant that he was a disabled military veteran who requires the need of a service animal, specifically a dog, for mobility purposes.

14. Plaintiff further explained that his service animal would be accompanying him on his trip.

15. In response, Defendant told Plaintiff that there was a "no pets allowed policy," to include service animals, and that Sgt. Floyd could not accompany Plaintiff during his stay.

16. Plaintiff then noted that neither he nor Sgt. Floyd required any special accommodations during their stay.

17. Defendant continued to reiterate that there was a "no pets allowed policy," to include service animals, and that Sgt. Floyd could not accompany Plaintiff during his stay.

18. After numerous phone calls, Defendant told Plaintiff he could stay with his service dog, but under very limited and discriminatory conditions where the Sgt. Floyd could not go anywhere near food and no food would be allowed in Plaintiff's room.

19. Due to the embarrassment, expected heightened scrutiny of Defendant's staff, and inflamed combat-related PTSD symptoms Plaintiff suffered from that phone call, he physically unable to travel to Martha's Vineyard.

20. Plaintiff complained to Defendant's owner, Abby Hirsch, about the situation without any results.

21. The policy or practice implemented by Defendant is illegal.

22. Defendant does not have an institutional policy that is reasonably calculated to ensure that, or is reasonably followed, so that its hotel is fully accessible to, and independently useable by, persons with a service animal.

23. Plaintiff was treated differently by denying him the same enjoyment to public lodging accommodations that persons without his disability enjoy.

24. This discrimination has likely occurred repeatedly and, unless corrected, will reasonably occur in the future as Plaintiff intends to visit Martha's Vineyard again and has a right to lodge at the 1720 House Bed & Breakfast.

## CAUSE OF ACTION

25. Based upon the foregoing facts, Plaintiff brings a claim under Title III of the ADA for discrimination and unequal access.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that is Court:

a. Enter a Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA;

b. Enter a permanent injunction which directs Defendant to take all steps necessary to bring its place of public lodging accommodation into full compliance with the requirements set forth in the ADA;

c. Order Payment of costs of suit;

d. Order Payment of reasonable attorneys' fees; and

e. Grant such further relief this Court deems just, equitable, and appropriate.

PATRICK RYAN,

By his Attorney,

Dated: March 22, 2019

_____
Christopher E. Sawin (BBO# 698491)
Argos Legal Group, P.C.
99 Derby Street, Suite 200
Hingham, MA 02043
781-738-1084
csawin@argoslegalgroup.com